### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DONALD LEE MCDONALD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 643 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| DR. MARLENE HENZE, DR. CATALINO | ) | |
| BAUTISTA, WARDEN SHERWIN MILES, | ) | |
| and WARDEN WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Plaintiff Donald Lee McDonald, Sr., an Illinois Department of Corrections ("IDOC")
inmate previously housed at Stateville Correctional Center ("Stateville"), filed this lawsuit
complaining that Defendants Dr. Marlene Henze, Dr. Catalino Bautista, Warden Sherwin Miles,
and Warden Darwin Williams exhibited deliberate indifference to his back pain on July 18, 2019,
by cancelling his medical permit for a daily hot shower. Defendants filed a motion to dismiss,
arguing that McDonald failed to exhaust his administrative remedies as required by the Prison
Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Court construed Defendants'
motion as one for summary judgment and granted the motion, finding that McDonald failed to
exhaust all available administrative remedies with respect to the claims he brings in this lawsuit
and so could not proceed further with this case. Doc. 61. McDonald appealed. In response to
Miles and Williams' motion for summary reversal and remand, in which they agreed with
McDonald that the Court should have held a *Pavey* hearing, the Seventh Circuit returned the case
to this Court for further proceedings. Doc. 94. After multiple continuances, the Court held a
*Pavey* hearing on January 13, 2025. McDonald was the sole witness, with Defendants failing to

produce any IDOC personnel. Because Defendants did not carry their burden on exhaustion, the Court finds that McDonald may proceed with his substantive claims.

## BACKGROUND

McDonald, an inmate in IDOC custody who was previously housed at Stateville, has suffered from back pain for many years. In response, Stateville medical staff issued him a medical permit for daily showers in 2013 and renewed it in subsequent years. Although Dr. Henze had renewed McDonald's permit for daily showers from November 8, 2018 through November 8, 2019, Dr. Henze and Warden Williams signed an order cancelling his daily shower permit on July 18, 2019. McDonald again received a daily shower permit on November 7, 2019.

In response to the July 18, 2019 cancellation of his shower permit, McDonald first wrote medical slips and spoke to his counselor. He then submitted Offender Grievance 10169 on July 26, 2019, seeking emergency review. On August 5, Stateville's chief administrative officer ("CAO") denied Grievance 10169 as an emergency and indicated that McDonald had to pursue his grievance through the normal grievance process.

McDonald then submitted Offender Grievance 10448 on August 15 through the normal process. The portion of the grievance form titled "Counselor's Response (if applicable)" remained blank. Doc. 45-5 at 1. McDonald testified that he placed the grievance in an envelope and then placed the envelope in the large blue grievance box in the living unit of the prison. The Stateville grievance department stamped Grievance 10448 as received on August 19. On August 22, McDonald received a counseling summary note from Kelly Ledford, the office coordinator for Stateville's grievance department. Ledford indicated that she had forwarded McDonald's grievance to a counselor for review and response. The counseling summary note did not include any indication that McDonald had improperly submitted the grievance.

2

Instead of receiving a response to the grievance on the merits, however, on October 7, McDonald received a memorandum from Ledford titled "Grievance Return." The memorandum indicated that the grievance department was returning Grievance 10448 to McDonald because, as of December 1, 2018, "all grievances must be placed in the locked box in the living unit" and would "no longer be accepted through institutional mail." Doc. 45-6 at 1. McDonald testified that he understood the October 7 memorandum as a denial of his grievance because he had placed Grievance 10448 in the appropriate box.

Therefore, on November 4, McDonald filed an appeal with IDOC's Administrative Review Board (the "ARB"). McDonald submitted Grievance 10448 and the October 7 memorandum, describing that memorandum as the "Grievance Officer's Response, which is false and made up," on the accompanying proof/certificate of service form. Doc. 45-7 at 1. The ARB received McDonald's appeal on November 8, stamping copies of the grievance and October 7 memorandum as received on that day. On November 15, the ARB issued a "Return of Grievance or Correspondence" notice to McDonald, indicating that it was returning Grievance 10448 to him because the ARB required additional information. Specifically, the ARB requested that McDonald provide the "original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable" and "a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely." Doc. 45-8 at 1. McDonald did not provide any additional documentation to the ARB. He took the November 15 communication as a final determination of his appeal because he had already provided the ARB with Grievance 10448 and the response he received from the Stateville grievance department. Instead of further pursuing his grievance administratively, McDonald filed this case on January 29, 2020.

## ANALYSIS

Defendants argue that McDonald cannot proceed on his claims because he failed to exhaust his administrative remedies as required by the PLRA. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement exists to give correctional officials the opportunity to address complaints internally before the initiation of a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002); *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). To have exhausted his administrative remedies, McDonald must have grieved his claim through "all steps that the agency holds out," and he must have "do[ne] so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate "who does not properly take each step within the administrative process has failed to exhaust" administrative remedies and thus "is foreclosed by § 1997e(a) from litigating" his claims. *Pozo*, 286 F.3d at 1024.

IDOC's rules concerning the form and timeliness of grievances apply here. *Id.* at 1023–25 (proper use of the facility's grievance system requires a prisoner to "file complaints and appeals in the place, and at the time, the prison's administrative rules require"). IDOC has a three-step process for pursuing a non-emergency grievance. Ill. Admin. Code tit. 20, § 504.800 *et seq.* First, the inmate should attempt to resolve the issue through his counselor. *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). If that fails, the inmate must file a written grievance with a grievance officer within sixty days "after the discovery of the incident, occurrence or problem that gives rise to the grievance." *Id.* The grievance officer then

considers the grievance, reporting findings to the CAO within two months of receipt of the grievance "when reasonably feasible under the circumstances." Ill. Admin. Code tit. 20, § 504.830(e). The CAO then reviews the grievance officer's findings and recommendations and provides the inmate with a decision in writing. *Id.* If the grievance officer denies the grievance and the CAO affirms that decision, the inmate must file an appeal with the ARB. *Williams*, 957 F.3d at 831. The ARB reviews the appeal and submits a written report of its findings and recommendations to the IDOC Director, who reviews that report and makes a final determination on the grievance. Ill. Admin. Code tit. 20, § 504.850(e). Once the inmate receives the IDOC Director's final determination, he has exhausted his administrative remedies and may turn to the court system. *Id.*; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Defendants bear the burden of proving McDonald's failure to exhaust. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018) ("It was not Davis's burden to establish that the grievance process was unavailable; it was the officers' burden to show that Davis did not exhaust available remedies."). "At *Pavey* hearings, judges may hear evidence, find facts, and determine credibility." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "After finding facts, the district court may allow the claim to proceed or dismiss it for failure to exhaust." *Id.*

At the *Pavey* hearing, only McDonald testified. Because Defendants failed to present any of their own witnesses to call into question his testimony, the Court credits McDonald's testimony. *See Scuteri v. Perez*, No. 2:23-cv-00103, 2025 WL 947942, at *6 (S.D. Ind. Mar. 28, 2025) ("It was Defendants' burden to disprove Mr. Scuteri's testimony; this they simply did not do.").

Despite crediting McDonald's testimony, the Court must acknowledge that McDonald never received a final determination on Grievance 10448. *See Gakuba v. Pannier*, No. 19-CV-

1274, 2021 WL 1165114, at *5 (S.D. Ill. Mar. 26, 2021) ("The grievance was also returned on a 'Return of Grievance or Correspondence' form rather than a grievance response form, further demonstrating that it was not decided on the merits. Because the grievance was returned to Gakuba on procedural grounds and not decided on the merits, the Court finds that Gakuba failed to exhaust his administrative remedies as to the October 16 grievance." (citation omitted)). The Court's inquiry does not end there, however, because McDonald argues that he could not follow the proper procedures because administrators at Stateville and the ARB prevented him from doing so, thus rendering IDOC's administrative remedies unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 643 (2016) ("An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."). "The 'availability' of a remedy is not a matter of what appears on paper, but, rather, "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009). Although not an exhaustive list, the Supreme Court has identified three situations where administrative remedies become unavailable: (1) where prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," in other words, where "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643; *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

McDonald argues that IDOC administrators mishandled his grievance and thus prevented him from exhausting. *See Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) ("Administrative remedies are primarily 'unavailable' to prisoners where 'affirmative misconduct' prevents prisoners from pursuing administrative remedies." (quoting *Dole v.*

*Chandler*, 438 F.3d 804, 809 (7th Cir. 2006))). He maintains that he initially submitted

Grievance 10448 as required by placing it in the lockbox and that he could not have submitted

additional documentation to the ARB because he had not received any additional documents.

*See Lisle v. Keller*, 803 F. App'x 926, 928 (7th Cir. 2020) ("As the state defendants concede, his

lack of compliance with the Board's instructions would have been irrelevant if he never received

a response to the appeal he filed with the grievance officer."); *cf. Davis*, 881 F.3d at 986

(concluding that, where grievance policy required an unprocessed grievance to include an

indication of how the inmate could correct the problem and inmate did not receive such

information, the inmate took all available steps to exhaust the grievance because "the policy does

not provide for an appeal from a *refusal to process* a grievance").

Defendants argue, however, that because McDonald remained without a shower permit

until November 7, 2019, he could have refiled his grievance after he received the October 7

memorandum or the ARB response. *See Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir.

2020) ("Because refiling was available to him, Haywood's failure to exhaust is not excusable.").

They further maintain that such a refiling would have been timely because IDOC would have

treated the denial of a shower permit as a continuing violation. While Defendants make legal

arguments on this point, they did not introduce any evidence to suggest that IDOC would have

deemed McDonald's refiled grievance timely. Nor did they introduce evidence to rebut

McDonald's argument that IDOC affirmatively mishandled his grievance, preventing him from

complying with the grievance procedures. Defendants could have produced Ledford, or another

IDOC employee involved in the grievance process, to testify about the handling of grievances,

the meaning of Ledford's inconsistent responses to McDonald's submission of his grievance, the

basis for Ledford's assertion that McDonald improperly submitted the grievance, what other

documents the ARB required from McDonald to consider his appeal, and whether IDOC would have treated a refiled grievance as timely. Because Defendants failed to do so, they did not carry their burden on exhaustion. *See Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) ("[W]e must bear in mind that failure to exhaust is an affirmative defense, and as such the burden of proof is on the defendants to establish that administrative remedies were not exhausted, and not on the prisoner to show that administrative remedies were unavailable."); *Schaefer v. Bezy*, 336 F. App'x 558, 560 (7th Cir. 2009) ("Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that Schaefer was prevented from exhausting his administrative remedies." (citation omitted)); *Merritte v. Godinez*, No. 315CV00254, 2017 WL 4174924, at *3 (S.D. Ill. Aug. 24, 2017) (finding defendants did not carry their burden on exhaustion where they did not introduce any evidence to rebut the plaintiff's statements that the grievance process was unavailable to him), *report & recommendation adopted*, No. 15-CV-254, 2017 WL 4154924 (S.D. Ill. Sept. 19, 2017). Therefore, the Court finds for McDonald on Defendants' exhaustion defense.

## CONCLUSION

For the foregoing reasons, the Court rejects Defendants' exhaustion defense and allows McDonald to proceed with his claims.


Dated: April 23, 2025

_____
SARA L. ELLIS
United States District Judge